UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM PEEK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:17-cv-00183-LJM-MJD |
| S. JULIAN Warden, Bureau of Prisons, | ) ) ) |
| Defendant. | ) |

**Entry Discussing Filing Fee, Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff shall have **through May 26, 2017**, in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on April 24, 2017.

**II.**

The plaintiff is a federal prisoner currently incarcerated at USP Terre Haute ("Terre Haute"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, against S. Julian of the Bureau of Prisons. He alleges that he completed the Residential Drug Abuse Program ("RDAP") at Terre Haute. Pursuant to 18 U.S.C § 3621(e)(2), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." The plaintiff asserts that, although he successfully completed the RDAP, he was denied a sentence reduction under § 3621. Specifically, the Bureau of Prisons cited, among other things, 28 C.F.R. § 550.5(b)(5)(ii) as a basis for denying the reduction, which is a regulation that prevents inmates from receiving a sentence reduction if they are serving a sentence for a felony that involved possession of a firearm.

The plaintiff brings two challenges to the denial of his sentence reduction. First, he argues that there was no evidence proffered by the government during his underlying criminal case that he possessed a gun in the course of his drug offense. Second, he contends that the Bureau of Prisons lacked authority to exclude an entire category of prisoners via 28 C.F.R § 550.5(b) from eligibility for a sentence reduction under 18 U.S.C § 3621(e)(2). The plaintiff maintains that, pursuant to the APA, the Court should set aside the Bureau of Prisons's decision and order a reduction in his sentence.

These exact arguments have been foreclosed by the Seventh Circuit and Supreme Court, respectively. First, the Seventh Circuit has rejected a similar challenge by a prisoner who argued that he did not possess a firearm during the commission of his underlying conviction. *See Lopez v. Rios*, 553 Fed. Appx. 610, 610 (7th Cir. 2014). Although in that case the prisoner brought his claim via a 28 U.S.C. § 2241 habeas petition, the Seventh Circuit noted that he would not have been successful even if his claim was brought under the APA because "[a]n APA action contesting a discretionary denial of early release after successful completion of drug treatment . . . is categorically barred by [18 U.SC.] § 3625." *Id.* (collecting cases).

In that same case, the Seventh Circuit also rejected the second argument the plaintiff raises here. Specifically, the Seventh Circuit noted that "a challenge to the BOP's general policy also hits a dead end since the Supreme Court has held that excluding from early release those prisoners who were involved with firearms is a reasonable, permissible administrative policy." *Id.* (citing *Lopez v. Davis*, 531 U.S. 230, 244 (2001)).

For these reasons, the plaintiff has failed to state a viable claim for relief under the APA, and this action must be **dismissed** pursuant to 28 U.S.C. § 1915A(b). Because district courts are not permitted to "convert" APA suits into habeas corpus actions, or vice versa, *see Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004), the Court has assessed the plaintiff's claims only for whether they state a viable APA claim, as this is expressly the vehicle through which the plaintiff's claims are raised. Thus, the Court takes no view on whether the plaintiff has viable challenges to the denial of sentencing reduction pursuant to 28 U.S.C. § 2241. *See Lopez*, 553 Fed. Appx. at 611 (noting the types of challenges that can be raised in § 2241 habeas petitions).

## III.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through May 26, 2017**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: __5/2/2017__

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM PEEK
50001-39
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808